IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

LESLIE V. SULDON,

        Plaintiff

VS.

BRUCE CHATMAN, *et al.*,

        Defendants

NO. 5:06-CV-271 (DF)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

## ORDER AND RECOMMENDATION

Plaintiff LESLIE V. SULDON herein has requested this court to permit an inmate to appear with him at court if and when this matter goes to trial. Tab #29. The plaintiff sites ***Johnson v. Avery***, 89 S.Ct. 747 (1969) in support of his motion, but while *Johnson* and its progeny do allow for inmates to assist each other in researching and preparing pleadings for pending habeas corpus and §1983 civil rights actions (*see e.g.* ***Wolff v. McDonnell***, 94 S.Ct. 2963 (1974)), unless a person is licensed to practice law in this district he is not permitted to represent a party in a law suit.[1] As always, if it becomes apparent that the plaintiff's rights would be unduly prejudiced if he is not represented, this court will – *on its own motion* – consider assisting the plaintiff in securing legal counsel. Accordingly, plaintiff's request (Tab #29) is **DENIED**.

Also before the court is the plaintiff's **MOTION FOR A TEMPORARY RESTRAINING ORDER** that asks the court to order the defendants to provide him with physical therapy and to be examined by an orthopedist. Tab #5. The defendants have responded to the plaintiff's motion, and the plaintiff has replied to their response. Tabs #24 and #30.

---

[1] Local Rule 83.1.1(b):

    To be eligible to practice in this court an attorney must have been admitted to practice in the trial courts of the State of Georgia and be an active member in good standing of the State Bar of Georgia. Only attorneys who are admitted to practice in this Court, or who have otherwise obtained permission under Rule 83.1.2c may appear as counsel.

Local Rule 83.1.2(c):
    PERMISSION TO PRACTICE IN A PARTICULAR CASE. Any member in good standing of the bar of any other district court of the United States who is not a member of the State Bar of Georgia and who does not reside in or maintain an office in this state for the practice of law, will be permitted to appear and participate in a particular case, civil or criminal, in this court subject to [specific] provisions

A temporary restraining order or preliminary injunction is a drastic remedy used primarily for maintaining the *status quo* of the parties. ***Cate v. Oldham***, 707 F.2d 1176, 1185 (11th Cir. 1983). In order to obtain injunctive relief, a plaintiff must show: (1) a substantial likelihood that he will ultimately prevail on the merits; (2) that he will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest. ***Zardui-Quintana v. Richard,*** 768 F.2d 1213, 1216 (11th Cir. 1985).

The defendants have provided the court with the plaintiff's medical records which demonstrate a comprehensive regimen of consultations with a number of physicians, including a neurosurgeon, none of whom recommended physical therapy. The plaintiff has not provided any medical evidence in support of his motion,[2] and he has failed to demonstrate a substantial likelihood of success on the merits of the injunction. Accordingly, the plaintiff does not meet the standard for a temporary restraining order as set forth in *Zardui-Quintana* and IT IS RECOMMENDED that the plaintiff's **MOTION FOR TEMPORARY RESTRAINING ORDER** (Tab #5) be DENIED. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO ORDERED AND RECOMMENDED, this 13th day of DECEMBER, 2006.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] Attached to the plaintiff's reply (Tab #30), are two pages of medical exhibits which tend to show that the plaintiff is receiving additional treatment and which do not show any impropriety on the part of any named defendant.