IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

LESLIE VON SULDON,

    Plaintiff

 VS.

BRUCE CHATMAN, *et al.*,

    Defendants

NO. 5:06-CV-271 (CAR)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

# ORDER AND RECOMMENDATION

Plaintiff LESLIE VON SULDON has filed a MOTION FOR FEDERAL PROTECTIVE CUSTODY TO STAY MISCARRIAGE OF JUSTICE. Tab #74. To the extent that his filing is a Motion to Appoint Counsel, it is **DENIED** for the reasons stated heretofore numerous times. *See* Tabs #13, #29, #42, #46, #58.

The plaintiff's motion also requests what amounts to a preliminary injunction from the court, ordering that plaintiff — a state prisoner — be put into federal custody. A temporary restraining order (TRO) or preliminary injunction is a drastic remedy used primarily for maintaining the *status quo* of the parties. **Cate v. Oldham**, 707 F.2d 1176, 1185 (11th Cir. 1983). A TRO or injunctive relief is only appropriate where the movant demonstrates that (1) there is a substantial likelihood of success on the merits; (2) the TRO or injunction is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm that the TRO or injunction would cause to the non-movant; and (4) the TRO or injunction would not be adverse to the public interest. **Parker v. State Board of Pardons and Paroles**, 275 F.2d 1032, 1035 (11th Cir. 2001). Furthermore, injunctive relief will not issue unless the complained of conduct is imminent and no other relief or compensation is available is available. **Cunningham v. Adams**, 808 F.2d 815, 821 (11th Cir. 1987).

Even assuming that this court had authority to grant the relief the plaintiff seeks — which it does not — the plaintiff has not demonstrated satisfactorily that the first three factors set forth in *Parker* have been met.  Accordingly, IT IS RECOMMENDED that the plaintiff's MOTION FOR FEDERAL PROTECTIVE CUSTODY TO STAY MISCARRIAGE OF JUSTICE be **DENIED**.[1]

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO ORDERED AND RECOMMENDED this 31st day of DECEMBER, 2007.[2]



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] The undersigned notes that this same motion was filed in another case pending in another division of this court. See Tab #36, M. D. Ga. Case No. 7:07-CV-150 (WLS). The Honorable G. Mallon Faircloth, U. S. Magistrate Judge, has already denied plaintiff's motion filed in that case.

[2] The undersigned also notes that the defendants have not been given an opportunity to respond to the plaintiff's motion. However, considering the nature of the plaintiff's requests, the undersigned does not believe it necessary for the defendants to file a response.