IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

LESLIE V. SULDON,

                Plaintiff

VS.

BRUCE CHATMAN, *et al.,*

                Defendants

NO. 5:06-CV-271 (CAR)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

# RECOMMENDATION

Plaintiff LESLIE V. SULDON, an inmate in the Georgia prison system, has filed suit against the defendants herein alleging that the lack of medical treatment provided for his back by prison authorities violated his Eighth Amendment right to be free of cruel and unusual punishment.

Pending before the court is the defendants' **MOTION FOR SUMMARY JUDGMENT** which is accompanied by a Statement of Undisputed Material Facts, a brief, and other exhibits. Tab #54. The plaintiff has responded to the defendants' motion and has attached to his response a number of affidavits and exhibits. Tab #62.[1] The undersigned has carefully considered both the defendants' motion and plaintiff's response thereto.

## SUMMARY JUDGMENT STANDARD

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

---

[1]The plaintiff has also submitted a motion which requests a hearing on the defendants' MOTION FOR SUMMARY JUDGMENT. Tab #61. As plaintiff was previously advised in the court's Order directing him to file a response to defendants' motion, under the procedures and policies of this court, motions for summary judgment are normally decided on briefs. The court considers the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits submitted by the parties in deciding whether a summary judgment is appropriate under Rule 56. Upon consideration of all pleadings, etc. heretofore submitted in this case, the undersigned finds a hearing unnecessary. Accordingly, plaintiff's motion for a hearing is **DENIED**.

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c);* **Warrior Tombigbee Transportation Co. v. M/V Nan Fung**, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See* **Van T. Junkins & Assoc. v. U.S. Industries, Inc.**, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. **Hairston v. The Gainesville Sun Publishing Co.**, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. **Welch v. Celotex Corp.**, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. **Clark v. Coats & Clark, Inc**., 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. **Anderson v. Liberty Lobby, Inc**., 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[2]

---

[2]*See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

# FACTS

Plaintiff Suldon injured his back in September or October of 2005. Some seven months later, on June 13, 2006, he was transferred into Dooly State Prison ("DSP") where he retained his medications and a bottom bunk profile. Suldon was seen in medical at DSP on June 16, 2006, and defendant DR. VINOD SACHDEVA ordered a lumbar spine x-ray and prescribed Percogesic and Robaxin for the plaintiff. Plaintiff underwent the x-ray on June 20, and some degenerative disease was depicted. Suldon's profile was modified accordingly, and he was put on a conservative treatment plan.

Dr. Sachdeva determined that the most logical approach to the plaintiff's problem was to begin with conservative treatment and to go on to more drastic measures if and when it became apparent that they were necessary. Sachdeva Response to Interrogatory No. 1, Tab #54-6 at 3. Over the following two months, plaintiff Suldon was seen regularly in medical ("almost every 2-3 days") for his back trouble and was treated conservatively. *Id.* at 5.

On August 2, 2006, plaintiff Suldon told defendant Sachdeva that he needed an MRI. Dr. Sachdeva disagreed and continued with a conservative treatment plan which called for prescribing pain killers and an exercise routine for plaintiff. On August 14, 2006, a nurse practitioner (not a defendant) submitted a consultation request for plaintiff Suldon to have an MRI, and Dr. Sachdeva approved that request on August 16, 2006. The MRI was performed on September 20, 2006. Following consultation with a specialist in October, surgery was scheduled for January, 2007.[3] Plaintiff Suldon alleges that the delay in receiving an MRI constitutes deliberate indifference to his serious medical needs; the defendants argue in their MOTION FOR SUMMARY JUDGMENT that they are entitled to judgment as a matter of law on the issue of delay of care.

---

[3]The most recent amended complaint in this case was filed on September 25, 2006. This recommendation will deal only with those acts and omissions that occurred before that date.

# DISCUSSION
## 1. Dr. Sachdeva

It is well established that medical treatment for an inmate "violates the Eighth Amendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." ***Harris v. Thigpen***, 941 F.2d 1495, 1505 (11th Cir. 1991). In order to state an Eighth Amendment violation a plaintiff must demonstrate deliberate indifference to his serious medical needs. Deliberate indifference requires a greater showing than negligence, and disagreements in the course of medical treatment alone will not suffice to demonstrate such indifference. ***Estelle v. Gamble***, 429 U.S. 97 (1976).

The Eleventh Circuit has gone as far as to say that "the question of whether governmental actor should have employed additional diagnostic techniques or forms of treatment is a classic example for medical judgment and therefore not an appropriate basis for grounding liability under the Eighth Amendment." ***Adams v. Poag***, 61 F.3d 1537, 1545 (11th Cir. 1995) (quoting ***Estell v. Gamble***).

In the instant case, plaintiff Suldon has failed to demonstrate anything more than a disagreement as to whether an MRI was necessary in the two months between June and August of 2006. Dr. Sachdeva believed that conservative treatment was the most appropriate course of action at that point, and Suldon disagreed. Such a disagreement does not constitute deliberate indifference under the binding precedent in this circuit.

## 2. Warden Chatman

The plaintiff's claims against defendant Chatman allege that he was aware of the plaintiff's condition and failed do what was constitutionally required of him. As discussed above, the care Suldon received was adequate; therefore, Chatman, who relied on the findings and conclusions of his medical staff, acted within the requirements of the Constitution. To the extent that Chatman is sued under *respondeat superior* and/or vicarious liability, §1983 does not permit such suits. ***Brown v. Smith***, 813 F.2d 1187 (11th Cir. 1987).

**QUALIFIED IMMUNITY**

Both of the defendants in this case have asserted the defense of qualified immunity, which shields public actors from suit unless their actions violate clearly established federal law. For the reasons discussed above, the defendants are entitled to qualified immunity, especially given the clear language of *Adams v. Poag* regarding a prisoner doctor's duty to perform additional diagnostic treatment.

**CONCLUSION**

Accordingly, IT IS RECOMMENDED that the defendants' MOTION FOR SUMMARY JUDGMENT be **GRANTED** as to the issues addressed therein. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

The undersigned notes that plaintiff Suldon's complaint also alleges that he was not provided with extra mattresses or pillows or a walking stick or cane which he claims would have eased his pain.[4] Since the defendants' MOTION FOR SUMMARY JUDGMENT does not address these issues of deprivation, this RECOMMENDATION makes no finding on those claims.

SO RECOMMENDED this 20th day of FEBRUARY, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[4] Suldon got a cane, extra pillow, and extra mattress on September 24, 2006, more than three months after his transfer into DSP. Deposition of Leslie Von Suldon, Tab #56 at 40.